


NATALIE G. HARRISON
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 305-0461

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-297-2079

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093
Attorney for Plaintiffs New Jersey Department of
Environmental Protection and New Jersey Spill
Compensation Fund

By: Louis G. Karagias
Deputy Attorney General
(609) 376-2735

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> NEW JERSEY DEPARTMENT OF ) <br> ENVIRONMENTAL PROTECTION, and ) <br> ADMINISTRATOR, NEW JERSEY SPILL ) <br> COMPENSATION FUND ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FORD MOTOR CO. and ) | Civil Action No. 2:19-cv-12157 <br><br> **COMPLAINT** |

BOROUGH OF RINGWOOD,                 )
                                                                  )
                       Defendants.            )
_____)

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the Regional Administrator of the United States Environmental Protection Agency ("EPA") for Region II, the New Jersey Department of Environmental Protection ("NJDEP"), and the Administrator of the New Jersey Spill Compensation Fund ("Administrator") by and through the New Jersey Attorney General file this complaint and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought under to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9606 & 9607 ("CERCLA"), and the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("the Spill Act").

2. The United States seeks injunctive relief and recovery of costs incurred in response to releases and threatened releases of hazardous substances into the environment at or from the Ringwood Mines/Landfill Superfund Site ("Site") located in the Borough of Ringwood, in Passaic County, New Jersey.

3. NJDEP and the Administrator of the New Jersey Spill Compensation Fund seek certain injunctive relief and the reimbursement of costs they have incurred and will incur for the discharge of hazardous substances at the Site.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 106, 107, and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607 & 9613(b).

5.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a) & 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## THE PARTIES

6.   The United States is authorized to seek costs of removal or remedial action, as well as injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release or threatened release of a hazardous substance at or from a facility.  42 U.S.C. §§ 9606(a), 9607(a).

7.   NJDEP is a principal department within the Executive Branch of the State of New Jersey, vested with the authority to conserve and protect natural resources, protect the environment, prevent pollution, and protect the public health and safety.  N.J.S.A. 13:1D-9.

8.   The Administrator is the chief executive officer of the New Jersey Spill Compensation Fund ("the Spill Fund").  N.J.S.A. 58:10-23.11j.  As chief executive officer of the Spill Fund, the Administrator is authorized to approve and pay any cleanup and removal costs Plaintiff NJDEP incurs, N.J.S.A. 58:10-23.11f.c & .d, and to certify the amount of any claim to be paid from the Spill Fund, N.J.S.A. 58:10-23-11j.d.

9. Defendant Ford Motor Co. ("Ford") is a corporation organized under the laws of the State of Delaware and headquartered in Dearborn, Michigan, is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

10. Defendant Borough of Ringwood ("Borough"), a municipality established under the laws of the State of New Jersey in Passaic County, New Jersey, is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

11. At relevant times, Ford owned and operated portions of the Site.

12. At relevant times, the Borough owned and operated portions of the Site.

13. The Borough has owned a portion of the Site since about 1970.

## **STATUTORY BACKGROUND**

14. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

15. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

16. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1)     the owner and operator of a vessel or a facility, [and]
>
> (2)     any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> \*    \*    \*
>
> shall be liable for –
>
> (A)     all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . . .

17. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the United States is also authorized to seek injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility.

## **GENERAL ALLEGATIONS**

18. The Site consists of about 500 acres located in the Borough of Ringwood, New Jersey. To manage cleanup operations of the Site, EPA has divided response actions for the Site into portions referred to as "Operable Units."

19. Operable Unit 2 consists of response actions identified in an EPA decision document, dated June 30, 2014, referred to as the Operable Unit 2 Record of Decision. Response actions for Operable Unit 2 are further described in an EPA document, dated April 15, 2015, referred to as the Explanation of Significant Differences. The response actions for Operable Unit 2 address contamination in waste, fill material, and soil in specified areas at the Site.

20. The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21. There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. §§ 9601.

22. In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

23. The United States has incurred at least $4,372,590.13 through August 31, 2015, in response costs with respect to Operable Unit 2 of the Site that have not been reimbursed. These response costs are not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## **FIRST CLAIM FOR RELIEF**
*Cost Recovery Under CERCLA Section 107*

24. Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. Ford is within the class of liable persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned and/or operated a facility at the Site at the time hazardous substances were disposed of at the facility.

26. The Borough is within the class of liable persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned and/or operated a facility at the Site at the time hazardous substances were disposed of at the facility.

27. The Borough is within the class of liable persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it owns a facility at the Site.

28. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), each of the Defendants is jointly and severally liable for all Operable Unit 2 costs incurred by the United States, including enforcement costs and interest.

## SECOND CLAIM FOR RELIEF
*Injunctive Relief Under CERCLA Section 106*

29. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30. EPA has determined that there is or may be an imminent and substantial endangerment to the public health and welfare or the environment because of actual or threatened releases of hazardous substances at or from the Site.

31. EPA has determined that the response actions selected in the Operable Unit 2 Record of Decision and as further described in the Explanation of Significant Differences are necessary to abate the danger or threat at or from the Site.

32. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), each of the Defendants is jointly and severally liable for injunctive relief to abate the danger or threat presented by a release or threatened release of hazardous substances into the environment at or from the Site.

33. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), each of the Defendants is jointly and severally liable to undertake the Operable Unit 2 response actions as described in the Operable Unit 2 Record of Decision and Explanation of Significant Differences.

## THIRD CLAIM FOR RELIEF
*Cost Recovery Under the Spill Act*

34. Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

35. Except as otherwise provided in N.J.S.A. 58:10-23.11g12, any person who "has discharged a hazardous substance, or is in any way responsible for any hazardous substance" that is discharged, shall be liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred. N.J.S.A. 58:10-23.11g.c.(1).

36. Except as otherwise exempted under N.J.S.A. 58:10-23.11g.12, the discharge of hazardous substances is a violation of the Spill Act, for which any person who is the discharger

of, or is in any way responsible for, any hazardous substance that is discharged, is strictly liable, jointly and severally. N.J.S.A. 58:10-23.11g.c.(1).

37. NJDEP has incurred, and may continue to incur, costs as a result of the discharge of hazardous substances at the Site.

38. The costs that NJDEP has incurred and will incur for the Site are "cleanup and removal costs" within the meaning of N.J.S.A. 58:10-23.11b.

39. Ford is a "person" within the meaning of N.J.S.A. 58:10-23.11b.

40. Ford is a discharger and also a person that is in any way responsible for the discharged hazardous substances, and is liable, jointly and severally, without regard to fault, for all cleanup and removal costs that NJDEP has incurred, and will incur, as a result of the discharge of hazardous substances at the Site. N.J.S.A. 58.10-23.11g.c.(1).

41. The Borough is a "person" within the meaning of N.J.S.A. 58:10-23.11b.

42. The Borough, as the knowing purchaser of part of the Site, a property at which hazardous substances were previously discharged and as a person that owned property at the time hazardous substances were discharged there, is a person that is in any way responsible for the discharged hazardous substances, and is liable, jointly and severally, without regard to fault, for all cleanup and removal costs that NJDEP has incurred, and will incur, as a result of the discharge of hazardous substances at the Site. N.J.S.A. 58.10-23.11g.c.(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment in favor of Plaintiffs and against the Defendants, jointly and severally, under Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for unreimbursed response costs incurred by the United States relating to Operable Unit

2, including enforcement costs and prejudgment interest, but excluding costs that are to be reimbursed under previously entered into administrative orders on consent;

b. Enter an order under Section 106 of CERCLA, 42 U.S.C. § 9606(a), requiring the Defendants to perform the Operable Unit response actions as described in the Operable Unit 2 Record of Decision and Explanation of Significant Differences;

c. Enter a declaratory judgment on Defendants' liability that will be binding in any subsequent action for further response costs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2);

d. Order the Defendants to reimburse Plaintiffs NJDEP and the Administrator, jointly and severally, without regard to fault, for all cleanup and removal costs Plaintiffs NJDEP and the Administrator have incurred at the Site, with applicable interest;

e. Enter declaratory judgment against the Defendants, jointly and severally, without regard to fault, for all cleanup and removal costs Plaintiffs NJDEP and the Administrator may incur at the Site; and

f. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C. 20530

s/ Natalie G. Harrison
NATALIE G. HARRISON
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 305-0461
Natalie.g.harrison@usdoj.gov


CRAIG CARPENITO
United States Attorney
District of New Jersey


ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-297-2079


GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Plaintiffs New Jersey Department of
Environmental Protection and Administrator, New Jersey
Spill Compensation Fund



By: s/ Louis G. Karagias_____
LOUIS G. KARAGIAS
Deputy Attorney General




OF COUNSEL:

LEENA RAUT
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region I
290 Broadway
New York, NY 10007
(212) 637-3122

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

      In accordance with 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

                      s/  Natalie G. Harrison
                      NATALIE G. HARRISON
                      Trial Attorney
                      Environmental Enforcement Section
                      Environment and Natural Resources Division
                      United States Department of Justice
                      P.O. Box 7611, Ben Franklin Station
                      Washington, DC 20044-7611
                      (202) 305-0461
                      Natalie.g.harrison@usdoj.gov